# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-3172** |
| **TIM WILKINSON** | **SECTION "R"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that a federal evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2254(e)(2).[1] Accordingly, it is **HEREBY RECOMMENDED** that the instant petition for federal habeas corpus relief be **DENIED WITH PREJUDICE** for lack of subject matter jurisdiction.

---

[1] Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination. Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

## I. PROCEDURAL HISTORY

Petitioner, Derrick Lee, is incarcerated in the Winn Correctional Center in Winnfield, Louisiana. On March 29, 1993, petitioner was charged by bill of information in Orleans Parish Criminal District Court, Case No. 364-018, with possession of stolen property.[2] Petitioner subsequently entered into a plea agreement with the State. In exchange for his plea of guilty, the State agreed not to charge petitioner as a second-felony offender despite the fact that he had a previous felony conviction.[3] On August 20, 1993, petitioner entered his plea of guilty and Orleans Parish Criminal District Court Judge Dennis Waldron sentenced him to serve two years at hard labor in the custody of the Louisiana Department of Corrections with credit for time served since March 29, 1993.[4] Petitioner's conviction became final five days later, on August 27, 1993, because he did not file a notice of appeal or seek reconsideration of his sentence.[5] *See Cousin v. Lensing*, 310 F.3d 843, 845 (5th Cir. 2002) (petitioner's guilty pleas became final at the end of the five-day period for filing a notice of

---

[2]*See* State rec., vol. 1 of 3.

[3]*See* State rec., vol. 1 of 3.

[4]A copy of the transcript of petitioner's August 20, 1993 guilty plea proceeding is contained in the State rec., vol. 2 of 3. With the credit for time served, petitioner's two-year sentence expired on March 29, 1995.

[5]Failure to move timely for appeal under La. Code Crim. P. art. 914 renders the conviction and sentence final at the expiration of the period for filing the motion for appeal. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985). At the time, La. Code Crim. P. art. 914 required that a criminal defendant move for leave to appeal within five days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. Article 914 was later amended by La. Acts 2003, No. 949, § 1 to provide thirty days for filing of the notice of appeal.

appeal under La. Code Crim. P. art. 914); La. Code Crim. P. art. 13 (weekends and holidays not included in a calculation of period less than seven days).

On May 18, 1995, petitioner was convicted in Orleans Parish Criminal District Court, Case No. 372-835, of attempted armed robbery, illegal use of a weapon, and second degree kidnapping.[6] Using petitioner's 1993 conviction for possession of stolen property as one of the predicate offenses, petitioner was sentenced as a third-felony offender to a term of thirty-three years at hard labor without benefit of parole, probation or suspension of sentence in connection with his attempted armed robbery conviction, to twenty-six years at hard labor without benefit of parole, probation, or suspension of sentence in connection with his second degree kidnapping conviction, and to fifteen years at hard labor in connection with his illegal use of a weapon conviction, with each sentence to run concurrent with the other.[7]

Petitioner challenged his August 20, 1993 sentence in Case No. 364-018 pursuant to a motion to correct an illegal sentence.[8] On January 25, 2008, Orleans Parish Criminal

---

[6]*See* State rec., vol. 1 of 3.

[7]*See* State rec., vol. 1 of 3; *see also* the Report and Recommendation, rec. doc. 9, p. 2, issued in connection with the federal habeas corpus application, *Derrick Lee v. Ed C. Day, Warden*, Civil Action No. 00-1213 "R"(6), filed by petitioner challenging the constitutionality of his 1995 convictions in Orleans Parish Criminal District Court Case No. 372-835.

[8]The date petitioner filed his motion to correct an illegal sentence cannot be ascertained because a copy of said motion is not contained in the State record.

3

District Court Judge Dennis Waldron issued a one-sentence Judgment providing: "The motion to correct an illegal sentence is denied."[9]

Petitioner sought review of Judge Waldron's January 25, 2008 Judgment in the Louisiana Fourth Circuit Court of Appeal.[10] The state appellate court denied the writ application on March 25, 2008, finding "no error in the district court's January 25, 2008 judgment." *State v. Lee*, No. 2008-K-0185 (La. App 4 Cir. March 25, 2008) (unpublished decision).[11] On January 30, 2009, the Louisiana Supreme Court denied petitioner's subsequent writ application as untimely, citing La. Code Crim. P. art. 930.8; *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995); and, *State v. Parker*, 711 So.2d 694 (La. 1998).

On February 27, 2009, petitioner filed the instant action for federal habeas corpus relief, claiming that his August 20, 1993 guilty plea in Orleans Parish Criminal District Court Case No. 364-018 is "constitutionally infirm."[12] The State, in its response, concedes that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), but argues that the instant action is nevertheless

---

[9] A copy of Judge Waldron's Judgment is contained in the State rec., vol. 2 of 3.

[10] A copy of petitioner's writ application, 2008-K-0185, is contained in the State rec., vol. 2 of 3.

[11] A copy of the Louisiana Fourth Circuit's unpublished decision is contained in the State rec., vol. 2 of 3.

[12] Rec. doc. 1, p. 1.

4

subject to dismissal due the fact that this court lacks subject matter jurisdiction.[13] For the following reasons, this court agrees.

## II. ANALYSIS

The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254. The AEDPA went into effect on April 24, 1996[14] and applies to habeas petitions filed after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997)). The AEDPA therefore applies to the instant petition.

The threshold questions in habeas review under the amended statute are whether the petitioner is in custody, whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As noted earlier, the State argues that petitioner's habeas application is not timely filed. While a review of the record supports that conclusion, the court finds that it is without

---

[13]Rec. doc. 9. The State also submits that the instant action is time barred and that petitioner's claims are without merit.

[14]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 (5th Cir. 1992).

subject matter jurisdiction to consider petitioner's application since he is no longer in custody on the challenged conviction.

It is axiomatic that this court is one of limited jurisdiction and must always be satisfied of its own subject matter jurisdiction. Subject matter jurisdiction "is nonwaivable and delimits federal-court power . . . . Subject-matter limitations on federal jurisdiction . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119 S.Ct. 1563, 1570, 143 L.Ed.2d 760 (1999) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S.Ct. 1003, 1012, 140 L.Ed.2d 210 (1998); Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")).

Even if neither party raises the issue of subject matter jurisdiction, this court must consider [its] jurisdiction sua sponte." *Equal Employment Opportunity Comm'n v. Agro Distrib., LLC*, 555 F.3d 462, 467 (5th Cir. 2009). This rule applies to habeas corpus cases. *Lofton v. Cain*, 134 F.3d 369, 1997 WL 811739, at *1 (5th Cir. 1997); *Rios v. Scott*, 36 F.3d 90, 1994 WL 523804, at *1 (5th Cir. 1994).

As stated above, petitioner, on August 20, 1993, was sentenced in Orleans Parish Criminal District Court Case No. 364-018 to two years in the custody of the Louisiana Department of Corrections with credit for time served since March 29, 1993. On May 18,

1995, petitioner was convicted on the unrelated charges of attempted armed robbery, illegal use of a weapon, and second degree kidnapping in Orleans Parish Criminal District Court Case No. 372-835. In Case No. 372-835, which is <u>not</u> before this court as part of the instant federal habeas petition, petitioner was sentenced as a third-felony offender to a sentence of thirty-three years in prison without parole, probation or suspension of sentence.[15] In the instant case, petitioner challenges the constitutionality of his guilty plea on the possession of stolen property charge in Case No. 364-018, <u>not</u> his attempted armed robbery, illegal use of a weapon, and second degree kidnapping convictions in Case No. 372-835.

To be eligible for federal habeas corpus relief, a petitioner must be "in custody" and must have exhausted his available state court remedies. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490, 109 S.Ct. 1923, 1925, 104 L.Ed.2d 540 (1989) (quoting 28 U.S.C. §2241(c)(3)) (emphasis added); 28 U.S.C. § 2254(a).

The United States Supreme Court has interpreted this statutory language to require that the habeas petitioner be in custody for the conviction or sentence under attack at the time the petition is filed. *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 400-401, 121 S.Ct. 1567, 1572-1573, 149 L.Ed.2d 608 (2001).

---

[15]*See* discussion *supra* at p. 3.

Whether a petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 238, 88 S.Ct. 1556, 1559-1560, 20 L.Ed.2d 554 (1968); *Port v. Heard*, 764 F.2d 423, 425 (5th Cir. 1985). When the jurisdictional prerequisite of custody is met at the time of filing, jurisdiction is not defeated by the petitioner's subsequent release from custody. *Carafas*, 391 U.S. at 238, 88 S.Ct. at 1559-1560; *Port*, 764 F.2d at 425.

Petitioner's habeas application is deemed filed in this court under the "mailbox rule" on February 27, 2009.[16] Although petitioner was incarcerated at that time, he was <u>not</u> in custody on that date for the conviction he is now challenging. By February 27, 2009, petitioner had long before completed his sentence for possession of stolen property, which he now seeks to challenge in this court. He was <u>not</u> in custody pursuant to, or for purposes of challenging, the conviction for possession of stolen property. He remains in custody only for his separate attempted armed robbery, illegal use of a weapon, and second degree

---

[16]Under the "mailbox rule", a pleading filed by a prisoner acting *pro se* is considered to be filed for prescriptive purposes on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

kidnapping convictions. This court, therefore, lacks jurisdiction to review his petition, and the petition must be dismissed. Accordingly;

## **RECOMMENDATION**

It is hereby **RECOMMENDED** that the petition of Derrick Lee for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(*en banc*).[17]

New Orleans, Louisiana, this __11th__ day of _____June_____, 2010.

_____
LOUIS MOORE, JR.
United States Magistrate Judge

---

[17]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.