UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DERRICK LEE                                        CIVIL ACTION

VERSUS                                             NO: 09-3172

TIM WILKINSON                                      SECTION: R


**<u>ORDER & REASONS</u>**

The Court recently adopted the Magistrate Judge's Report and Recommendation recommending that Derrick Lee's petition for habeas corpus be dismissed.[1]  Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[2]  A court may only issue a certificate of appealability if the petitioner makes "a

---

[1] R. Doc. 13.

[2] RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

substantial showing of the denial of a constitutional right."[3] In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[4] With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[5]

Lee's motion does not satisfy these standards. As detailed in the Magistrate Judge's ruling, he seeks review of a two-year sentence that was handed down in state court in 1993.[6] His

---

[3] 28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).

[4] 537 U.S. 322, 336 (2003).

[5] *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[6] R. Doc. 12 at 2.

conviction became final that year as well.[7]  Although Lee is currently imprisoned, the Magistrate Judge determined that he is not still in custody under the 1993 sentence that he challenges, which was completed many years ago.  If a prisoner is no longer in custody, he may not seek habeas relief.[8]

Lee presents no arguments or evidence to cast doubt on this determination.  His contentions therefore do not amount to a substantial showing that his constitutional rights were compromised, nor would they engender any type of debate among reasonable jurists.  The Court will not issue a certificate of appealability.

**New Orleans, Louisiana, this  16th  day of July, 2010.**

_____
*Sarah Vance*
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**

---

[7] *Id.*

[8] *See, e.g., Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir. 1987); 28 U.S.C. § 2254(a).